

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2000

# United States v. Hodge

Precedential or Non-Precedential:

Docket 99-3247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Hodge" (2000). *2000 Decisions.* Paper 84.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/84

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 25, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3247

UNITED STATES OF AMERICA

v.

IRVINE HODGE, JR.,

      Appellant

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)

(D.C. Criminal No. 98-cr-00122-1)
District Judge: Honorable Thomas K. Moore

Argued: Thursday, December 9, 1999

Before: BECKER, Chief Judge, SCIRICA, Circuit Judge and
GARTH, Senior Circuit Judge

(Opinion Filed: April 25, 2000)

      Leonard Bernard Francis, Jr.
       (Argued)
      #4A Dronningens Gade
      P.O. Box 8838
      Charlotte Amalie, St. Thomas
      U.S. Virgin Islands 00801

      Attorney for Appellant

James A. Hurd, Jr.
United States Attorney

Audrey L. Thomas-Francis (Argued)
Assistant U.S. Attorney
5500 Veterans Building
Federal Building & U.S. Courthouse
Suite 260
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

Attorneys for Appellee

OPINION OF THE COURT

GARTH, Circuit Judge.

This appeal stems from Irvine Hodge's judgment and conviction entered on March 10, 1999, finding him guilty of violating federal law for "affect[ing] commerce" by robbery and for possession of a firearm during the commission of a

crime of violence, as well as finding him guilty for robbery in the first degree in violation of Virgin Islands law. In affirming Hodge's conviction and sentence, we hold that a failure to include the element of specific intent in Hodge's robbery indictment was not reversible error; that Hodge was

properly convicted of aiding and abetting even though the principal offender was never charged; and that although the United States and the Virgin Islands are considered one sovereign for purposes of convictions and sentencing, because the charged federal and Virgin Islands offenses require proofs of elements independent of each other. Hodge was properly convicted and sentenced on both counts without violating the double jeopardy clause of the United States Constitution.[1]

---

1. The District Court properly exercised jurisdiction pursuant to 48 U.S.C. S 1612 and 4 V.I.C. S 32; we exercise appellate jurisdiction pursuant to 28 U.S.C. S 1291 as an appeal from a final order.

I.

Two males robbed the Emerald Lady jewelry store in St. Thomas after it had closed on November 15, 1995. 2 By gunpoint, the robbers ordered the owners to lie on the floor while they stole more than 500 pieces of jewelry, valued at approximately $500,000, from a safe. Hodge was arrested for the robbery in March of 1996.3 A federal grand jury indicted Hodge on a three count indictment for interference with commerce in violation of 18 U.S.C. S 1951-52 ("Count I"); possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. S 924(c)(1) ("Count II"); and robbery in the first degree in violation of 14 V.I.C. S 1862(2) ("Count III").

On September 16, 1998, the jury returned a guilty verdict with respect to all three counts of the indictment. On October 5, 1998, the district court denied Hodge's motion for judgment of acquittal, which, because of the content of the motion, the court analyzed as a motion to seek arrest of the judgment pursuant to Federal Rule of Criminal Procedure 34. With an offense level of twenty-nine and a criminal history category of I, the District Court sentenced Hodge on February 17, 1999, to a term of 108 months imprisonment on Count I; a mandatory consecutive term of sixty months imprisonment on Count II; and thirteen years imprisonment on Count III to be served concurrently with the sentences imposed in Counts I and II.4 The District Court also imposed three years of supervised release, assessed Hodge $100, and ordered him to pay $20,000 in restitution. This appeal ensued.

_____

2. From the record we are unable to determine the fate of Derek George, the second individual involved in this robbery. All we can gather is that George testified at Hodge's trial to their joint involvement in the robbery of the Emerald Lady (App. A71-A111), and that George was testifying pursuant to the terms of a February 24, 1997, agreement with the government -- the terms of which we are unaware. Id. at A79-A81.

3. Although Hodge was a juvenile (17) at the time of his arrest, he was transferred to adult status on March 31, 1998.

4. The court credited Hodge for the time he served since May 29, 1998.

II.

In the first issue raised by this appeal, Hodge contends that because his indictment on Count III -- robbery in violation of 14 V.I.C. S 1862 -- failed to allege the material element of specific intent, his conviction should have been dismissed. Hodge cites to a prior decision of this Court in which, as a preliminary matter, we held that specific intent to permanently deprive the rightful owner of the property taken is an element of the Virgin Islands robbery statute. See Government of the Virgin Islands v. Carmona, 422 F.2d 95, 98 (3d Cir. 1970). Although Carmona required only that this element of specific intent be included in the jury charge, Hodge argues that the failure to include this element in his indictment as well constitutes reversible error.

The Sixth Amendment of the United States Constitution requires that in criminal prosecutions, "the accused shall enjoy the right to be informed of the nature and cause of the accusation." To meet this requirement, Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." We consider a two part test to measure the sufficiency of an indictment: "(1) whether the indictment `contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet,' and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." Government of the Virgin Islands v. Moolenaar, 133 F.3d 246, 248 (3d Cir. 1998) (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)). "The sufficiency of an information, like the sufficiency of an indictment, presents a question of law over which our review is plenary." Government of the Virgin Islands v. Moolenaar, 133 F.3d 246, 247 (3d Cir. 1998).

In evaluating whether Hodge's indictment sufficiently sets forth the essential facts of the offense charged, we review the indictment using a common sense construction. See id. at 250. Under Virgin Islands law, robbery is defined as: "the unlawful taking of personal property in the possession of another, from his person or immediate presence and

4

against his will, by means of force or fear." 14 V.I.C. S 1861. In this case, the indictment was sufficient to apprise Hodge of the robbery charged and to enable him to avoid subsequent prosecution for the same offense, even though it did not explicitly recite the element of specific intent. The indictment stated that:

> On or about the 15th day of November 1995, at St. Thomas, in the District of the Virgin Islands, Irvine Hodge, Jr. did unlawfully take personal property, that is, jewelry, in the possession of the owners of the Emerald Lady Jewelry Store, from their persons and immediate presence and against their will, by means of force and fear, and in the course of the commission of such robbery and of immediate flight therefrom, did display, use and threaten the use of a dangerous weapon, that is, a handgun;
>
> In violation of Title 14, Virgin Islands Code, Sections 1862(2) and 11.

App. at A11.

As the district court stated in its memorandum addressing Hodge's post-trial motion, "Hodge's indictment tracks the definition of first degree robbery employed by the Virgin Islands Code, which does not expressly include the element of specific intent." Id. at A39. Moreover, even though Carmona has held that specific intent is an element of the Virgin Islands robbery statute, this Court has stated that: "[f]ailure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication." Moolenaar, 133 F.3d at 249 (approvingly quoting 24 Moore's Federal Practice S 607.04[2][b][ii] (3d ed. 1997)). We agree with the District Court that Hodge's indictment was sufficient to meet all of the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and hence we reject Hodge's argument that his indictment was flawed.

The Carmona case, upon which Hodge erroneously relies to support his contention that his indictment failed to include the necessary element of intent, is inapposite. Carmona merely required that when a defendant is accused

5

of robbery under Virgin Islands law, the element of specific intent must be recited in the jury charge. See Carmona, 422 F.2d at 99. As required under Carmona, the District Court properly included this element of specific intent in its charge to the jury. Jury charge 36 stated: "[t]he government must prove . . . that the defendant, Irvine Hodge, Jr., unlawfully took personal property with the specific intent to permanently deprive the owner of it." App. at A33 (emphasis added).

We will therefore affirm Hodge's conviction with respect to Count III.

III.

In the second issue raised by this appeal, Hodge contends that he cannot be convicted for aiding and abetting a principal in the commission of a crime if the principal is either acquitted or not charged. Despite Hodge's argument, it is beyond dispute that a person charged with aiding and abetting a crime can be convicted regardless of the fate of the principal. See 18 U.S.C.S 2. The federal statute clearly states that: "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. S 2. The Virgin Islands statute is in accord, stating that "[w]hoever commits a crime or offense or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 14 V.I.C. S 11. We have also held the same, stating that: "18 U.S.C. S 2, the majority of cases, and the Model Penal Code, all take the view that an aider and abettor should be treated like any other principal, and be required to `stand on his own two feet.' " See e.g., United States v. Standefer, 610 F.2d 1076, 1090 (3d Cir. 1979), aff 'd. 447 U.S. 10, 15-20 (1980) (so holding, even when the principal is charged and acquitted). Hence, we reject Hodge's argument to the contrary.

IV.

Finally, Hodge argues that convicting him on both Counts I and III violates the Double Jeopardy Clause of the

6

United States Constitution. Hodge correctly notes that "the Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence." Government of the Virgin Islands v. Brathwaite, 782 F.2d 399, 406 (3d Cir. 1986). See also Government of the Virgin Islands v. Dowling, 633 F.2d 660, 669 (3d Cir. 1980); Government of the Virgin Islands v. Foster, 734 F. Supp. 210, 212 (D.Ct. V.I. 1990) (holding that when a defendant is charged with a violation of federal law and the "second criminal code is that of a Territory, instead of a State, the Double Jeopardy Clause is violated by the imposition of more than one sentence for the`same offense.' " (citations omitted)).

If the two offenses grow out of the same occurrence then "multiple punishments are impermissible." Brathwaite, 782 F.2d 406. To determine whether the offenses grow out of the same occurrence, we apply the test set forth in Blockburger v. United States, 284 U.S. 299 (1932). See, e.g., Brathwaite, 782 F.2d at 406-07; United States v. Blyden, 930 F.2d 323, 328 (3d Cir. 1991). The Blockburger test considers whether the provisions of each statute require proof of a fact that the other does not. See Blockburger, 284 U.S. at 304 ("A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (citation omitted)).

In this case 18 U.S.C. S 1951 (Count I) states that:

> [w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [shall be liable].

Among its various elements, this federal charge requires that Hodge's offense "affect commerce" as an element of the

7

crime. By contrast, the Virgin Islands crime of robbery, 14 V.I.C. S 1862 (Count III), states that: "[a] person is guilty of robbery in the first degree when, in the course of the commission of the crime or the immediate flight therefrom, he or another perpetrator of the crime . . . (2) displays, uses or threatens the use of a dangerous weapon." This latter charge under the laws of the Virgin Islands requires, as an element of the crime, proof that Hodge displayed, used or threatened to use a dangerous weapon, and does not implicate an "affect [on] commerce" as does the federal offense.

Thus, Count I and Count III do not "grow out of the same occurrence" as each requires proof of an additional element not required by the other. Therefore, under the Blockburger test, the court could properly convict and sentence Hodge under both United States and Virgin Islands law without violating the Double Jeopardy Clause. We will, therefore, affirm Hodge's conviction and sentence on both Counts I and III.

V.

For the foregoing reasons, we will affirm Hodge's conviction and sentence on Counts I, II and III of the indictment.5

_____

5. Subsequent to oral argument, the government of the Virgin Islands, which is not a party to this case, filed an Attorney General's amicus brief urging us to overrule Government of the Virgin Islands v. Carmona, 422 F.2d 95 (3d Cir. 1970) in that it wrongly held that the Virgin Islands robbery statute includes the element of specific intent. The Attorney General argued that the legislative history surrounding the 1957 statutory amendment to the Virgin Islands robbery statute indicates that the legislature intended to eliminate the element of specific intent from the statute. Although we may be persuaded by the Attorney General's excellent amicus brief, we acknowledge that we are powerless to redress this concern. Rule 9.1 of our Internal Operating Procedures does not permit one panel of this court to overrule a holding of a prior published opinion. Carmona may only be overruled by an en banc decision of this entire court or by a decision of the Supreme Court. Of course, the Virgin Islands legislature remains free to remove any confusion stemming from the interpretation of its robbery statute by enacting appropriate legislation to redress the problem.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit