

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2002

# USA v. Oliver

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Oliver" (2002). *2002 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No: 01-3223
_____


UNITED STATES OF AMERICA

v.

ANDRE OLIVER,
a/k/a ONNI BANKS
a/k/a ABDUL AZIZ
a/k/a ANDRE PONZO
a/k/a ANDRE WILLIAMS

ANDRE OLIVER,

Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 95-cr-00207)
District Judge: Honorable Lowell A. Reed, Jr.


Submitted Under Third Circuit LAR 34.1(a)
on August 1, 2002

Before: ROTH, RENDELL
and AMBRO, Circuit Judges


(Opinion filed November 5, 2002)


O P I N I O N


ROTH, Circuit Judge:

Appellant Andre Oliver appeals his conviction of two counts of interference with interstate commerce by robbery, in violation of Title 18, United States Code, 1951. Oliver was sentenced, under the career offender provisions of U.S.S.G. 4B1.1, to 240 months imprisonment on both counts to run concurrently, to be followed by concurrent three-year terms of supervised release. Additionally, he was subject to a $1,000 fine and $100 special assessment. Oliver raises three issues on appeal: (1) The indictment failed to include as an element of each offense the mens rea necessary for the Hobbs Act robbery conviction, (2) the District Court erred, under Apprendi v. New Jersey, in sentencing Oliver as a career offender under U.S.S.G. 4B1.1, and (3) the District Court, in sentencing Oliver under U.S.S.G. 4B1.1, improperly relied on a prior conviction.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. 3231.

We have appellate jurisdiction pursuant to 28 U.S.C. 1291 to review the final judgment of the conviction. We exercise plenary review over application and interpretation of legal precepts with regard to the sufficiency of the indictment. See United States v. Engler, 806 F.2d 425, 431 (3d Cir. 1986) (citation omitted). We exercise plenary review over application of the Sentencing Guidelines and the possible constitutional implications of Apprendi v. New Jersey, 530 U.S. 466 (2000) as to the second issue of the appeal. See United States v. Williams, 235 F.3d 858, 861 (3d Cir. 2000), cert. denied, 122 S.Ct. 49 (2001). We exercise a "clear error" standard for reviewing factual findings under U.S.S.G. 4B1.1 as to the third issue of the appeal. See United States v. Beckett, 208 F.3d 140, 148 (3d Cir. 1999) (citation omitted). Also, we exercise plenary review over the legal component of the district court's decision as to the third issue of the appeal. See United States v. Bennett, 161 F.3d 171, 190 (3d Cir. 1998), cert. denied, 528 U.S. 819 (1999).

For the reasons stated below, we will affirm the judgment of the District Court.

I.

Oliver first argues that the indictment lacked the mens rea requirement for a Hobbs Act robbery conviction. Specifically, Oliver contends that the indictment failed to set out specific intent to steal personal property and permanently keep the property taken. As we concluded in United States v. Cefaratti, "When a challenge is urged for the first time on appeal we will construe the indictment liberally in favor of validity." 221 F.3d 502, 507 (3d Cir. 2000) (citation omitted).

Oliver relies on the decision in United States v. Nedley, 255 F.2d 350 (3d Cir. 1958). Nedley, however, deals with the sufficiency of evidence at trial, not with the sufficiency of the elements of the offense as set out in the indictment. In order to meet the intent requirement of robbery, Oliver's indictment referred to 18 U.S.C. 1951(b)(1) for the definition of robbery. This reference was sufficient.

Moreover, as we concluded in Cefaratti, "An indictment that charges a legal term of art 'sufficiently charges the component parts of the term.'" 221 F.3d at 507 (quoting United States v. Wicks, 187 F.3d 426, 429 (4th Cir. 1999)); see also United States v. Hodge, 211 F.3d 74 (3d Cir. 2000). In Hodge, we used a two-part test to determine the sufficiency of an indictment: (1) "whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." Id. at 76 (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)). This test stems from our interpretation of Federal Rule of Criminal Procedure 7(c)(1), which requires an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The Hodge court found that the indictment was sufficient to apprise him of the offense charged and to enable him to avoid subsequent prosecution for the same offense, "even though it did not explicitly restate the element of specific intent." Id. at 76-77. Here, Oliver's indictment satisfies this test as well.

II.

Next, Oliver contends that the district court erred under Apprendi in sentencing him as a career offender under U.S.S.G. 4B1.1. Essentially, Oliver maintains that Apprendi requires that his prior convictions be pled in the indictment and proven beyond a reasonable doubt. This is an incorrect conclusion of the law. The Supreme Court ruled in Almendarez-Torrez v. United States, 523 U.S. 224 (1998), that the existence of a prior conviction that increases the statutory maximum sentence need not be alleged or established as an element of the offense. Almendarez-Torrez was not overruled by Apprendi. In Apprendi, Court stated, "Other than a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 489-90 (emphasis added). The decision in Almendarez-Torrez was not expressly overruled and must be followed.

Additionally, since the sentence imposed is within the statutorily allowed maximum, there is no Apprendi issue. See United States v. Vazquez, 271 F.3d 93, 98 (3d Cir. 2001) (en banc) (holding no Apprendi issue where defendant's sentence is equal to or less than lowest maximum sentence allowed by statute); see also United States v. Williams, 235 F.3d 858, 862-64 (3d Cir. 2000), cert. denied, 122 S. Ct. 49 (2001). The maximum sentence for a violation of Hobbs Act robbery is 20 years. 18 U.S.C. 1951. Oliver was convicted of two counts, thus equaling 40 years total maximum allowed.

However, his sentence was 240 months (20 years), well within the statutory maximum. Therefore, there is no Apprendi issue applicable to these facts. See, e.g., United States v. Nguyen, 246 F.3d 52, 56 (1st Cir. 2001) (holding Apprendi not applicable to 109 month sentence for Hobbs Act robbery since within 20 year maximum); United States v. Le, 256 F.3d 1229, 1240 (11th Cir. 2001) (holding Apprendi not applicable to 240 month sentence for Hobbs Act robbery since within 20 year maximum).

                                III.

Finally, Oliver argues that in sentencing him as a career offender under U.S.S.G. 4B1.1, the District Court improperly relied on a prior conviction for which there was insufficient evidence to establish that it was a conviction for robbery. First, Oliver argues that a clear and convincing evidentiary standard should have been applied, following United States v. Kikumura, 918 F.2d 1084 (3d Cir. 1990). Kikumura involved a unique, and extreme, upward departure. Id. at 1100. Here, Oliver's offense level was increased from 29 to 32, only three levels. This is not extreme so as to implicate Kikumura. The District Court was correct in applying a preponderance of evidence standard.

Second, Oliver contends there was insufficient evidence of a prior robbery conviction. Specifically, he argues that in 1989, he pled guilty only to theft charges, not to robbery. The record before the District Court, however, showed that Oliver was arrested for robbery, conspiracy, theft and receiving stolen property in 1989, he pled guilty to these charges, and he was sentenced to 8 to 23 months. In light of the evidence before it, the district court did not commit clear error in determining that this constitution a robbery conviction.

For the foregoing reasons, we will affirm the judgment of the District Court.


                    By the Court,



                      /s/ Jane R. Roth
                    Circuit Judge