**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,**

v.

**Herbert P. HARMON, Defendant.**

**No. CR.1984–142.**

District Court,
Virgin Islands,
D. St. Thomas and St. John.

Nov. 6, 2003.

Kim Chisholm, AUSA., St. Thomas, VI, for the Plaintiff.

Douglas Beevers, AFPD., St. Thomas, VI, for the Defendant.

## MEMORANDUM

MOORE, District Judge.

The defendant, Herbert P. Harmon ["defendant" or "Harmon"], has moved to be conditionally released from his commitment to the custody of the Commissioner of Health of the Virgin Islands upon his adjudication of not guilty of purely Virgin Islands criminal offenses by reason of mental illness on April 12, 1985. Because the defendant's case became final and thus ceased to be pending in 1985, jurisdiction over any collateral motions such as this one was transferred to the Territorial Court in 1994 by the Legislature of the Virgin Islands as enabled by Congress in the 1984 Amendments to the Revised Organic Act of 1954. Accordingly, I dismiss the defendant's motion for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 1984, Harmon was charged in this Court with grand larceny and possession of stolen property in violation of 14 V.I.C. §§ 1083, 2101. At that time, the district court had exclusive original jurisdiction over these two Virgin Islands felonies. *See Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1057 (3d. Cir. 1982) (explaining jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act of 1954 as "like a state court of general jurisdiction" in its ability to consider claims based on territorial law). On April 12, 1985, after a trial to the court, Chief Judge Almeric Christian found the defendant not guilty of these local offenses by reason of mental illness and committed Harmon to the custody of the Commissioner of Health of the Virgin Islands, where he remains as a patient in a mental institution.

The defendant asserts that he is entitled to a hearing in this Court to determine his eligibility for conditional release under 18 U.S.C. § 4247(h). At a status conference on that hearing, I questioned whether this Court retained jurisdiction over this purely local matter and requested briefing from both parties on the issue. The arguments of both sides are discussed below.

## II. ANALYSIS

The Revised Organic Act of 1954 ["Revised Organic Act"] functions as the Congressionally enacted constitution of the Virgin Islands,[1] and vests the judicial power of the Virgin Islands in the District Court of the Virgin Islands and in a local trial court, namely, the Territorial Court, as established by the Virgin Islands Legislature.[2] In 1984, Congress enacted several

1. The Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541–1645 (1995), *reprinted in* V.I. Code Ann., Historical Documents, 73–177 (codified as amended) (1995).

2. The pertinent provision of the Revised Organic Act, as amended, provides that

   [t]he judicial power of the Virgin Islands shall be vested in a court of record designated the "District Court of the Virgin Is-

amendments to the Revised Organic Act, including one enabling the Legislature to divest the District Court of its original jurisdiction over all local matters, both criminal and civil, by vesting that jurisdiction in the Territorial Court.[3] *See Estate Thomas Mall, Inc. v. Territorial Ct. of the Virgin Islands,* 923 F.2d 258, 262–63 (3d Cir.1991)(holding that, following the enactment of § 1612, divestiture is not self-executing). The Virgin Islands Legislature exercised this power to give the Territorial Court original jurisdiction over all local criminal violations effective January 1, 1994. Act of Feb. 1, 1985, No. 5040, § 3(b), Sess. L.1984, p. 464 (as amended), *amending* 4 V.I.C. 76(b). Thus, after January 1, 1994, criminal charges based solely on territorial criminal laws have been brought in the Territorial Court of the Virgin Islands.[4]

At issue is whether the district court retains jurisdiction over this 1984 criminal case which became final with the defendant's adjudication of not guilty by reason of mental illness on April 12, 1985. The defendant argues that this court retains jurisdiction over this matter because it has been "pending" ever since April 12, 1985, relying on the "grandfather clause" in the 1984 Amendments providing that this Court would retain jurisdiction over all cases then pending before it when the jurisdictional changes went into effect. *See* 98 Stat. 1738, 1745, P.L. No. 98–454 (codified at 48 U.S.C. § 1541 *et seq.*). This clause reads in relevant part: "[t]he provisions of this section shall not result in the loss of jurisdiction of the district court of the Virgin Islands over any complaint or proceeding pending in it on the day preceding the effective date of this [statute]." The government responds that Harmon's case has not been pending since April 12, 1985, but instead was then finally determined for purposes of the Organic Act's grandfather provision.

I agree with the government that Harmon's case is no longer pending in this Court and has not been pending since it was finally resolved by the judgment on April 12, 1985.[5] Common sense compels the conclusion that Congress enacted the grandfather clause so this Court would retain jurisdiction over cases that were not yet decided, not so that it could retain jurisdiction over a case in which it had rendered a judgment more than a decade in the past.

Rather than a continuation of a pending action, the defendant's motion instead seeks collateral review of a final judgment. The Court of Appeals recently has consid-

lands" established by Congress, and in such appellate court and lower local courts as may have been or may hereafter be established by local law.
REV. ORG. ACT § 21(a), 48 U.S.C. § 1611(a).

**3.** The pertinent provision provides:

The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction.
REV. ORG. ACT § 21(b), 48 U.S.C. § 1611(b).

**4.** Under § 22 of the Organic Act, the District Court retains concurrent jurisdiction with the Territorial Court over criminal actions in which the local crimes charged are related to federal crimes. *See* 48 U.S.C. § 1612c; *United States v. Hodge,* 211 F.3d 74, 75 n. 1 (3d Cir.2000).

**5.** *See Cunningham v. Hamilton County,* 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184, (1999) (citations omitted) (a decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *Berman v. United States,* 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937) (judgment is final "when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined.").

ered where a prisoner such as Harmon who was convicted in this Court of purely local offenses before 1994 should file his petition seeking collateral relief. *Parrott v. Government of Virgin Islands*, 230 F.3d 615 (3d Cir.2000). Interpreting the assurance in the 1984 Amendments that the relations between the Territorial Court and the District Court of the Virgin Islands shall be the same as the relation between the state courts and the federal courts, the Court of Appeals ruled that habeas petitions under Virgin Islands law, *e.g.,* 5 V.I.C. § 1303, challenging convictions of local offenses tried in this Court before 1994 must be filed in Territorial Court. *Id. at* 620–21 (3d Cir.2000)(holding that the proper forum for the petitioner's § 1303 petition was the Territorial Court instead of the District Court because the 1984 Amendments "divest the District Court of jurisdiction for all civil actions, including habeas proceedings.").

I find that the defendant's current motion is substantially similar to the habeas petition filed in *Parrott.* Harmon, like the petitioner in *Parrott,* has attacked his conviction for violations of territorial law. Also like the petitioner in *Parrott,* the defendant seeks relief directly from this Court. Given the changes in this Court's jurisdiction since the defendant's conviction, the District Court no longer has original jurisdiction to hear collateral attacks on convictions of purely local law which became final before January 1, 1994. Accordingly, I have no option but to deny the defendant's motion, without prejudice, for lack of original jurisdiction. An appropriate order follows.