

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2004

# USA v. Towers

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1963

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Towers" (2004). *2004 Decisions.* Paper 683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

Case No  03-1963

UNITED STATES OF AMERICA;
GOVERNMENT OF THE VIRGIN ISLANDS

v.

FABIAN TOWERS,

Appellant

_____

On Appeal from the United States District Court
of the Virgin Islands, St. Croix Division
(Crim. No. 02-cr-00057)
District Judge: The Honorable Raymond L. Finch

_____

Argued May 5, 2004


BEFORE: BARRY, AMBRO and SMITH, *Circuit Judges*,

(Filed May 25, 2004)

Martial A. Webster (argued)
116 Queen Cross Street
Frederiksted, St. Croix, U.S. Virgin Islands 00840

*Counsel for Appellant*


David M. Nissman
Alphonso G. Andrews, Jr. (argued)
1108 King Street, Suite 201
Christiansted, St. Croix, U.S. Virgin Islands 00829

*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge*.

Appellant Fabian Towers was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (the "federal statute"), and of unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a) (the "local statute").[1] He now challenges these convictions on two grounds: (1) that the charges were multiplicitous and therefore violated the double jeopardy clause of the Fifth Amendment; and (2) that there was insufficient evidence to sustain his conviction. Because we conclude that the charges were not multiplicitous and that there was sufficient evidence to support his conviction, we will affirm.

**I.**

Because we write only for the parties, we set forth only a brief recitation of the facts. Appellant Fabian Towers was on parole on April 4, 2001, when the pickup truck in which he was a passenger was pulled over by the police. According to the testimony of Officers Rolando Huertas and Winston Marcus, Jr., and of several of the other passengers in the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612(c), and we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c).

vehicle, several people who had been riding in the bed of the truck immediately fled. Officer Huertas further testified that he saw Towers jump out of the bed of the truck, go to "the front passenger door, the right side of the vehicle, front passenger door, and he went, reach [sic] under his shirt, and pulled a gun out, and pass [sic] to the front seat passenger," Veronica Santana. Officer Huertas testified that when he saw Towers "pull the weapon," he yelled "gun" to alert his partner, drew his service weapon and ordered Towers to the ground. Officer Huertas also informed his partner when he discovered that Towers was wearing a bulletproof vest. A search of the truck, according to Officer Huertas, revealed a gun under the passenger seat and another gun in the truck bed under a black jacket.

Although Officer Marcus testified that he did not see Towers with the gun, he confirmed that Officer Huertas had shouted the word "gun." He also testified that Huertas told him Towers was wearing a bulletproof vest. Towers denied passing the gun to Santana, and Santana testified that she had not received the gun from Towers. The driver of the vehicle, Everton Knight, testified that he did not see Towers give anything to Santana because he "was focused on the police officer."

The government indicted Towers on eight counts. He waived his right to a jury, and trial commenced on July 24, 2002. The District Court dismissed counts three through eight at trial when the Government of the Virgin Islands would not produce the records of Officer Jose Rodriguez, whose testimony was central to those charges. The District Judge convicted Towers on counts one and two, possession of a firearm by a felon (under the federal statute)

3

and unauthorized possession of a firearm (under the local statute), respectively. Towers was sentenced to 115 months on the federal count and 15 years on the local count, to run concurrently, followed by three years of supervised release. The judge also imposed a special assessment of $100 against Towers and fined him $1,000, to be paid through participation in the Inmate Financial Responsibility Program.

## II.

Towers argues that the indictment violated his right to be protected from double jeopardy because the charges were multiplicitous in that the local statute contained an enhancement provision for possession by a felon. This Court undertakes *de novo* review of questions of law. *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 n.3 (3d Cir. 1988). The rule governing multiplicity in an indictment was set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304; *see also United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000) ("To determine whether the offenses grow out of the same occurrence, we apply the test set forth in *Blockburger*."). "[I]f each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger*, 284 U.S. at

4

304 (citations and quotation marks omitted).[2]

When applying the *Blockburger* test, courts look to the offenses in the abstract rather than to the facts of the particular case. *Brathwaite*, 782 F.2d at 407 n.8. In this case, when the local and federal statutes are compared—even ignoring the requirement in the federal statute that the defendant be a felon and the enhancement available under the local statute if the defendant is a felon—the two statutes each require proof of an additional element that the other does not. Specifically, unlike the federal statute, the local statute requires that the firearm be operable and that it be carried illegally, *United States v. Blyden*, 740 F. Supp. 376, 380 (D.V.I. 1990). Likewise, the federal statute requires possession "in or affecting commerce," *see United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000), while the local statute does not.

Towers argues that "because of the unique size, location and limited resources of the Virgin Islands, it is axiomatic that no firearm is manufactured in the Virgin Islands." Towers Br. at 15-16. Because we look at the offenses in the abstract, we need not resolve this question. It matters only that the federal statute, and not the local statute, requires that the gun travel in or affect interstate commerce. The charges of which Towers was convicted were therefore not multiplicitous and his double jeopardy rights were not violated.

---

[2] Both parties agree, and it is settled law, that "the Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence." *Hodge*, 211 F.3d at 78 (quoting *Gov't of the V.I. v. Brathwaite*, 782 F.2d 399, 406 (3d Cir. 1986)).

5

## III.

Towers further argues that the evidence was insufficient to sustain his conviction. In reviewing a claim of insufficient evidence, this Court employs a substantial evidence standard, *i.e.*, whether there is substantial evidence that, when viewed in the light most favorable to the government, would allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *United States v. Aguilar*, 843 F.2d 155, 157 (3d Cir. 1988). The testimony of even one individual is sufficient to satisfy the substantial evidence standard, so long as that testimony would allow the finder of fact to find the essential elements of the crime beyond a reasonable doubt. *See, e.g., United States v. Provenzano*, 620 F.2d 985, 999 (3d Cir. 1980); *Jacobs v. Redman*, 616 F.2d 1251, 1255 (3d Cir. 1980).

In this case, not only did Officer Huertas testify that he saw Towers hand the gun to Santana, but Officer Marcus's testimony corroborated Officer Huertas's testimony in that Officer Marcus heard him yell out "gun," saw him apprehend Towers and verified that a gun was found where Santana had been sitting. Knight did not contradict Officer Huertas's testimony and he testified that there had not been a gun in his truck prior to Towers riding in it that day. Although Towers's and Santana's testimony conflicted with Officer Huertas's, our role is not to weigh evidence or determine the credibility of witnesses. *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992). Officer Huertas's testimony alone would have been sufficient for a rational trier of fact to find that the essential elements of the crime had been established beyond a reasonable doubt, and here the record shows that there was

6

significant additional corroborating testimony.

## IV.

Because we conclude that the charges were not multiplicitous and the evidence was sufficient to convict Towers of violating 18 U.S.C. § 922(g)(1) and 14 V.I.C. § 2253(a), we will affirm the judgment of the District Court.