

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2007

# Govt of VI v. Rohn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Govt of VI v. Rohn" (2007). *2007 Decisions.* Paper 1754.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1754

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 06-2818

————

GOVERNMENT OF THE VIRGIN ISLANDS

v.

LEE J. ROHN
Appellant

————

On Appeal From the District Court
of the Virgin Islands, Division of St. Croix
(D.C. Crim. Action No. 04-cr-00165-1)
District Judge:  Hon. Raymond L. Finch

————

Argued December 5, 2006

BEFORE:  McKEE, BARRY and STAPLETON
Circuit Judges

(Opinion Filed:  January 23, 2007 )

————

Kerry E. Drue
Attorney General of the Virgin Islands
Elliott M. Davis
Solicitor General
Maureen Phelan (Argued)

Assistant Attorney General
Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
Charlotte Amalie
St. Thomas, USVI  00802
  Attorneys for Appellee

Gordon C. Rhea (Argued)
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mt. Pleasant, SC  29464
  Attorney for Appellant

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

On March 29, 2003, Appellant Lee Rohn was subjected to a routine inspection by a Transportation Safety Administration (TSA) agent at the St. Croix airport. During the inspection, the TSA agent discovered a substance believed to be marijuana in Rohn's luggage. United States Customs officials confirmed that the substance was marijuana and assessed Rohn a $500 penalty. Rohn signed a form acknowledging her agreement to pay that penalty. The form indicated that the penalty had been imposed pursuant to 19 U.S.C. § 1459, which authorizes the assessment of monetary penalties against individuals who fail to comply with certain reporting requirements upon arriving in the United States. *See* 19 U.S.C. § 1459(f). After collecting $300 in partial payment of the penalty and securing

2

Rohn's commitment to pay the remainder, Customs officials filled out a collection receipt which included a reference to 19 U.S.C. § 1497, but no mention of Section 1459. Section 1497 authorizes the imposition of monetary penalties against individuals who fail to declare required articles upon entering the United States. When Rohn later paid the remaining $200 of the penalty, she received a collection receipt that omitted any reference to the statute under which the penalty was assessed.

The Government of the Virgin Islands thereafter filed a criminal information charging Rohn with one count of possession of a controlled substance with intent to distribute, in violation of V.I. Code Ann., tit. 19, § 604(a). Rohn moved to dismiss the information on Double Jeopardy grounds, arguing that she had already been punished for the same offense conduct under Section 1497. In denying her motion, the Superior Court of the Virgin Islands (then known as the Territorial Court of the Virgin Islands) found that the $500 penalty had been imposed pursuant to Section 1459, not Section 1497, and that the imposition of a monetary penalty under Section 1459 does not constitute criminal punishment subject to the Double Jeopardy Clause. Rohn filed an appeal of the Superior Court's decision in the Appellate Division of the District Court, contending that the Superior Court erred in finding that the penalty had been imposed pursuant to Section 1459, rather than Section 1497.[1] The Appellate Division concluded that the Superior

---

[1]Section 1459(f) expressly provides that penalties assessed thereunder are civil in nature. Rohn has never suggested that the civil penalty provision of Section 1459 implicates the Double Jeopardy Clause.

Court did not commit clear error in finding that Rohn had been penalized under Section 1459, rather than under Section 1497.  The Appellate Division further concluded that, even if Rohn had been penalized under Section 1497, the Double Jeopardy Clause would not be implicated by the instant prosecution because Section 1497 and Section 604(a) are distinct offenses and because the assessment of a monetary penalty under Section 1497 does not constitute criminal punishment for Double Jeopardy purposes.   We have jurisdiction under 48 U.S.C. § 1613a(c), and will affirm the judgment of the Appellate Division for substantially the same reasons set forth in its thorough opinion.[2]

We agree with the Appellate Division that the Superior Court did not commit clear error in finding that Rohn was penalized under Section 1459, rather than under Section 1497.  Where, as here, a court is presented with two permissible views of the evidence, its choice between them cannot be clearly erroneous.  *United States v. Beckett*, 208 F.3d 140, 148 (3d Cir. 2000).  Even if the evidence compelled the conclusion that Rohn was penalized under Section 1497, however, she still could not prevail on the merits of her Double Jeopardy challenge.

The Double Jeopardy Clause bars successive prosecutions or multiple punishments

---

[2]We review the determination of the Superior Court using the same standard of review applied by the Appellate Division.  *Tyler v. Armstrong*, 365 F.3d 204, 208 (3d Cir. 2004); *Gov't of the Virgin Islands v. Albert*, 241 F.3d 344, 347 n.3 (3d Cir. 2001); *Semper v. Santos*, 845 F.2d 1233, 1235-36 (3d Cir. 1988).  We exercise plenary review of the Superior Court's denial of Rohn's motion to dismiss on Double Jeopardy grounds, *United States v. Rice*, 109 F.3d 151, 153 (3d Cir. 1997), but only review the Superior Court's findings of fact for clear error.  *United States v. Williams*, 413 F.3d 347, 351 (3d Cir. 2005).

for the same offense.[3]  Under *Blockburger v. United States*, 284 U.S. 299 (1932), "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.  "[I]f each statute requires proof of an additional fact that the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.*  (Citation omitted.)  Rohn insists that failure to declare under Section 1497 and possession of marijuana under Section 604(a) are not distinct offenses under *Blockburger* because, while both offenses include the element of possession, Section 604(a) includes the additional element of intent, whereas Section 1497 has no additional elements.

Contrary to Rohn's suggestion, Section 1497 plainly includes an additional element (viz., failure to declare the article) that Section 604(a) does not.  While it is true that Rohn would have been subject to a penalty under Section 1497 without proof that she knowingly and intentionally possessed the marijuana, she could not be penalized under Section 1497 for merely possessing the marijuana without proof that she failed to declare it.  Had Rohn declared the marijuana, she could not have been penalized for failure to declare under Section 1497, but could still be prosecuted for violating Section 604(a).

---

[3] We have previously acknowledged that "the Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for . . . offense[s] growing out of the same occurrence." *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000) (citation omitted).

Rohn is essentially asking us to treat Section 1497 as a lesser included offense of Section 604(a), even though every violation of Section 604(a) does not necessarily constitute a violation of Section 1497. Accordingly, even assuming that Rohn was penalized under Section 1497, her subsequent prosecution under Section 604(a) is not barred by the Double Jeopardy Clause.[4]

The judgment of the Appellate Division will be affirmed.

---

[4]Given our disposition of this case, we need not decide whether penalties assessed under Section 1497 constitute criminal punishment for Double Jeopardy purposes.