**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1849
_____

AKEEM R. GUMBS,
                                        Appellant

v.

LOUIS PENN, JR.
_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Civ. No. 3-16-cv-00030)
District Judge:  Honorable Curtis V. Gómez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017
Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 28, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Akeem R. Gumbs appeals from the District Court's order dismissing his in forma

pauperis complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and 28 U.S.C. § 1915A(b)(1). We will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

Gumbs was convicted in the District of the Virgin Islands of 31 counts relating to his production and possession of child pornography and his multiple rapes of his eight-year-old niece (which he filmed). The District Court sentenced him to 300 months of imprisonment, and we affirmed. See United States v. Gumbs, 562 F. App'x 110 (3d Cir. 2014) (per curiam). Gumbs's prosecution was based largely on materials that officers seized from his home while executing a search warrant. Agent Louis Penn, Jr., obtained that warrant on the basis of his affidavit of probable cause. Gumbs raised Fourth Amendment challenges to the warrant and its procurement before his trial and on appeal, but both the District Court and this Court rejected them. See id. at 113-14.

Gumbs later challenged his convictions in a motion under 28 U.S.C. § 2255. He claimed, among other things, that his counsel should have argued that the warrant was defective because Agent Penn's affidavit did not specify the dates on which Gumbs produced child pornography. According to Gumbs, Agent Penn's affidavit thus violated his Sixth Amendment right "to be informed of the nature and cause of the accusation." The District Court denied Gumbs's § 2255 motion, and it denied this claim in particular because Gumbs's Sixth Amendment rights had not attached when Agent Penn submitted his affidavit and because Gumbs's right to notice of the charges was secured by his indictment. Gumbs appealed that ruling at C.A. No. 17-1608, and we are denying his

2

request for a certificate of appealability.

About two months after the District Court denied Gumbs's § 2255 motion, he filed the civil action at issue here. He named Agent Penn as the sole defendant and repeated his claim, this time under 42 U.S.C. § 1983, that Penn's affidavit violated his Sixth Amendment right to notice of the charges against him. Gumbs did not request any relief from his conviction. Instead, he alleged that Penn's affidavit and the criminal proceeding flowing therefrom resulted in the loss of his employment with Home Depot. On that basis, he requested monetary damages for lost wages. The District Court dismissed Gumbs's complaint for failure to state a claim for the same reasons it denied his claim in the § 2255 context. Gumbs appeals.

II.

We will dismiss this appeal as frivolous because it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Gumbs appears to acknowledge that, as the District Court properly concluded, his Sixth Amendment right to notice of the charges did not arise until the initiation of criminal proceedings. See Moore v. Illinois, 434 U.S. 220, 226-27 (1977); Burchett v. Kiefer, 310 F.3d 937, 946-47 (6th Cir. 2002). Gumbs argues, however, that his criminal proceeding commenced when he appeared before a Magistrate Judge two days after Penn submitted his affidavit and that the affidavit began to violate his Sixth Amendment right at that time.

This argument is frivolous. Once criminal proceedings are commenced, the Sixth Amendment right to notice of the charges is secured by the indictment or other charging

3

instrument.  See Russell v. United States, 369 U.S. 749, 760-61 (1962); United States v. Hodge, 211 F.3d 74, 76 (3d Cir. 2000); Sheppard v. Rees, 909 F.2d 1234, 1236 & n.2 (9th Cir. 1989).  Gumbs's allegations regarding the affidavit of probable cause have nothing to do with his indictment, which the District Court has found sufficient.  The affidavit and warrant were subject to the Fourth Amendment, but we already have upheld the warrant and its procurement and Gumbs raises no Fourth Amendment claim in any event.

One final issue warrants discussion.  The "three strikes" provision of the Prison Litigation Reform Act restricts prisoners' ability to bring civil actions or appeals in forma pauperis after they have brought three civil actions or appeals that have been dismissed on the ground that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  The District Court's dismissal of Gumbs's complaint for failure to state a claim counts as a strike under this provision, and our dismissal of this appeal as frivolous counts as a strike as well.  See Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013).  Thus, if Gumbs brings another civil action or appeal that is dismissed on one of the grounds enumerated in § 1915(g), he will be precluded from bringing a civil action or appeal in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Gumbs should bear this in mind before filing any civil action or appeal in the future.

## III.

For these reasons, we will dismiss this appeal as frivolous.

4