CLD-358                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2852
_____

IN RE:  AKEEM R. GUMBS,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 21, 2017

Before:  SHWARTZ, RENDELL and FISHER, <u>Circuit Judges</u>

(Opinion filed: September 28, 2017)

_____

O P I N I O N*
_____

PER CURIAM

 Akeem R. Gumbs has filed a petition for a writ of mandamus requesting the relief

addressed below.  We will deny the petition.

 Gumbs was convicted in the District Court of the Virgin Islands of 31 counts

relating to his production and possession of child pornography and the rape of his eight-

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

year-old niece. The District Court sentenced him to 300 months of imprisonment, and we affirmed. See United States v. Gumbs, 562 F. App'x 110 (3d Cir. 2014), cert. denied, 135 S. Ct. 205 (2014).

Gumbs later filed with the District Court both a motion under 28 U.S.C. § 2255 for relief from his sentence and a civil action under 42 U.S.C. § 1983. He claimed in both proceedings that an affidavit of probable cause used to obtain a search warrant violated his Sixth Amendment right to notice of the charges against him because it did not specify the dates of some of his crimes. He further argued that, if the affidavit did not violate his Sixth Amendment right to notice at the time of the search, then it began to violate that right as of his initial appearance before a Magistrate Judge.

The District Court denied Gumbs's § 2255 motion and dismissed his § 1983 suit. We denied a certificate of appealability in Gumbs's § 2255 proceeding and dismissed his § 1983 appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). See Gumbs v. Penn, No. 17-1849, 2017 WL 2804903, at *1 (3d Cir. June 28, 2017) (addressing § 1983 appeal and noting the denial of a certificate in C.A. No. 17-1608). In doing so, we explained that Gumbs's Sixth Amendment right to notice of the charges was secured by his indictment, which he did not challenge and which the District Court found sufficient. See id. at *2.

Gumbs now has filed a mandamus petition (his sixth) seeking an order compelling the District Court "to inform me of the date of the crime of my initial appearance [before the Magistrate Judge] so that I can be informed of the nature and cause of the accusation according to the Sixth Amendment." (Mandamus Pet. at 2.) Like Gumbs's § 1983

2

appeal, this request is frivolous. A writ of mandamus is available only when, inter alia, the petitioner has a clear and indisputable right to relief. See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017). Gumbs's cursory petition does not show any discernible basis for relief, clear and indisputable or otherwise. Whatever Gumbs might mean by "the date of the crime of my initial appearance," he was informed of the nature of the charges against him by his indictment and there is no basis for him to contend otherwise. There also is no basis for Gumbs to seek relief from his conviction on this issue now that his § 2255 motion has been decided unless he can satisfy the requirements for filing a second or successive § 2255 motion, see 28 U.S.C. § 2255(h), which his mandamus petition provides no indication he can do.

For these reasons, we will deny the petition.