ALD-193                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1596
_____

IN RE:  AKEEM R. GUMBS,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-mj-00031-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 3, 2018
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 8, 2018)

_____

OPINION[*]
_____

PER CURIAM

Akeem R. Gumbs has filed a petition for a writ of mandamus requesting the relief

addressed below.  We will deny the petition.

Gumbs was convicted in the District Court of the Virgin Islands of 31 counts

relating to his production and possession of child pornography and the rape of his eight-

year-old niece, which he filmed.  The District Court sentenced him to 300 months of

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

imprisonment, and we affirmed. See United States v. Gumbs, 562 F. App'x 110 (3d Cir. 2014), cert. denied, 135 S. Ct. 205 (2014). In doing so, we rejected Gumbs's challenge to a search warrant used to seize evidence presented at trial. See id. at 113-14. Gumbs has challenged his convictions in numerous other proceedings, including one under 28 U.S.C. § 2255, one under 42 U.S.C. § 1983, and several previous mandamus proceedings in this Court. We rejected those challenges as well. See, e.g., In re Gumbs, 697 F. App'x 137, 138 (3d Cir. 2017) (summarizing Gumbs's challenges).

Presently before us is Gumbs's seventh mandamus petition. By way of background, Gumbs was referred to a Magistrate Judge for his initial appearance and a detention hearing in a proceeding docketed at D.V.I. Crim. No. 3-11-mj-00031-001. Gumbs was later indicted and convicted in the criminal proceeding docketed at D.V.I. Crim. No. 3-11-cr-00021-001. Gumbs argues that the first of these proceedings remains open, and he seeks an order directing the District Court to determine whether it will hold a trial on the charges in that proceeding or whether those charges should be dismissed. He further argues that dismissal of those charges will invalidate the seizure of evidence against him and thus will require dismissal of his criminal proceeding as well.

Gumbs's request is frivolous. The docket for the Magistrate Judge proceeding does not reflect the pendency of any charges against Gumbs. Nor has Gumbs shown any basis to continue to challenge his convictions following our affirmance of those convictions and the denial of his § 2255 motion. For these reasons, we will deny

---

constitute binding precedent.                2

Gumbs's petition. Gumbs is warned that further frivolous filings could result in sanctions, such as the imposition of a monetary penalty and an order prohibiting him from filing further petitions with this Court until the penalty is paid.