**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1309
_____

UNITED STATES OF AMERICA

v.

AKEEM R. GUMBS,
Appellant
_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 3-11-cr-00021-001)
District Judge: Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 11, 2023

Before: HARDIMAN, KRAUSE, and RENDELL, *Circuit Judges*.

(Filed: December 14, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Akeem Gumbs appeals the District Court's order that he obtain leave of court before filing anything relating to his criminal convictions. We will affirm.

I

Gumbs has filed over 60 motions since 2018, repeatedly challenging his criminal convictions in *United States v. Gumbs*, Dist. Dkt. No. 3-11-cr-00021-001 (D. V.I.). Dist. Ct. Dkt. No. 444, p. 1–4. Those filings repeat arguments we have deemed frivolous many times.[1] *In re Gumbs*, 697 F. App'x 137, 138 (3d Cir. 2017) (per curiam); *In re Gumbs*, 726 F. App'x 166, 167 (3d Cir. 2018) (per curiam); *In re Gumbs*, 747 F. App'x 916, 917 (3d Cir. 2019) (per curiam). Inundated by his meritless claims, the District Court ordered Gumbs to show cause why he should not be enjoined from filing new documents relating to his convictions. Dist. Ct. Dkt. No. 445, p. 2. Gumbs responded that an injunction was unnecessary because he does not intend to file any more motions. Dist. Ct. Dkt. No. 451, p. 1.

Unpersuaded, the Court finalized its order in February 2023, enjoining Gumbs from "filing any section 2255 motion, pretrial or post-conviction motion, habeas petition, section 1983 claim, or motion in connection therewith, relating to" his criminal convictions without first seeking leave of court. ECF No. 1-2, p. 4. To make a filing, Gumbs must first certify that his claims "are not barred by the Antiterrorism and

---

[1] Most of Gumbs' arguments depend on a mistaken belief that his initial proceeding in magistrate court precluded his subsequent trial in the District Court. *See, e.g.*, Dist. Ct. Dkt. No. 331. Other arguments stem from his misunderstanding of various rules of evidence. *See, e.g.*, Dist. Ct. Dkt. No. 334.

Effective Death Penalty Act's prohibition on successive filings; or in the case of a Federal Rule of Civil Procedure 60(b) motion, that his motion presents new, nonfrivolous reasons for granting relief from judgment." *Id.* Gumbs appealed. ECF No. 1-1.

II[2]

We review the District Court's order for abuse of discretion. *Brow v. Farrelly*, 994 F.2d 1027, 1032 (3d Cir. 1993). Access to the courts is "a fundamental tenet of our judicial system," so litigiousness alone does not justify the "extreme remedy" of limiting a party's access. *In re Oliver*, 682 F.2d 443, 445–46 (3d Cir. 1982). But when a litigant abuses the system through a pattern of meritless filings, a court has authority under the All Writs Act, 28 U.S.C. § 1651, to restrict the litigant's access by issuing a prefiling injunction. *See id.* There are three requirements for such injunctive orders, *see Brow*, 994 F.2d at 1038, all of which are satisfied here.

First, the order must be warranted by exigent circumstances, such as "a continuous pattern of groundless and vexatious litigation." *Oliver*, 682 F.2d at 446. The District Court found that Gumbs' many baseless filings over several years created exigent circumstances. The record amply supports that finding.

Second, the litigant must have notice and an opportunity to respond before the proposed order goes into effect. *See Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam). Gumbs was given notice and responded before the order went into effect.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We have jurisdiction under 28 U.S.C. § 1292(a)(1).

Third, the order should be no more restrictive than necessary to prevent continued frivolous filings. *See Chipps v. U.S. Dist. Ct. for the Middle Dist. Of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). The District Court's order is appropriately narrow. While it limits Gumbs' access to the courts, it applies only to filings involving specific prior convictions and still allows such filings with leave of court.

Orders like the one at issue are unfortunate. But Gumbs' barratry left the District Court no choice but to enter an injunction. We will affirm.