**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**ROMAL COLBOURNE, Defendant**

Crim No. F185/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 25, 1994

JOHN W. DAVIS, II, ESQ., (Assistant Attorney General, Department of Justice), St. Thomas, V.I., *for plaintiff*

AUGUSTIN AYALA, ESQ., (Territorial Public Defender), St. Thomas, V.I., *for defendant*

HODGE, *Judge*

## MEMORANDUM AND ORDER

The question presented on defendant's Motion to Dismiss is whether the Territorial Court has jurisdiction to hear this First Degree Murder case which was originally filed in the District Court and dismissed without prejudice where (1) the District Court lost jurisdiction after the case was dismissed; and (2) the offense was committed before the Territorial Court obtained jurisdiction to hear it. For the following reasons, the court holds that it has jurisdiction to hear this criminal case against defendant, and will therefore deny defendant's Motion to Dismiss for lack of jurisdiction.

## I. FACTS

On September 16, 1992, in the District Court of the Virgin Islands, defendant was formally charged with First Degree Murder in violation of 14 V.I.C. sections 921 and 922(a)(1) [Count I]; and carrying a firearm with intent to commit a crime of violence in violation of 14 V.I.C. section 2253(a) [Count II]. The alleged offenses were committed on or about August 22, 1992. On May 26, 1993, upon motion of the Government, the Information against defendant was dismissed without prejudice.[1]

On June 3, 1994, defendant was re-arrested for the same offenses and re-charged with the same crimes. However, the Information was filed in this court, the Territorial Court of the Virgin Islands.

## I. CHANGE OF JURISDICTION

■ Effective January 1, 1994, the jurisdiction of the Territorial Court expanded. The pertinent statute provides:

> Upon the effective date of this Section, subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by Sections 21 and 22 of the Revised Organic Act of the Virgin Islands, as amended, the Territorial Court shall have original jurisdiction in all criminal actions. . . .

---

[1] Both parties agree that the criminal action in District Court was dismissed without prejudice, and that the Government could bring a subsequent prosecution. Double jeopardy is not an issue here.

This section shall become effective January 1, 1994.

4 V.I.C. 76(b). It is undisputed that prior to January 1, 1994, this court had no power to hear first-degree murder cases, including the instant case. The Municipal Court [redesignated the Territorial Court in 1976] was created on May 16, 1957 pursuant to the Revised Organic Act of 1954, 48 U.S.C. section 1541 et seq., which authorizes the Virgin Islands to create local courts. Under the Organic Act, the V.I. Legislature may vest the Territorial Court with jurisdiction over all causes in the Virgin Islands over which the District Court does not possess exclusive jurisdiction. 48 U.S.C. section 1611(b). At first, the only criminal cases the Municipal Court had jurisdiction over were misdemeanors. Gradually, however, the V.I. Legislature has expanded the Territorial Court's jurisdiction over all criminal matters over which the District Court does not have exclusive jurisdiction.

When the U.S. Congress amended the Organic Act to authorize the V.I. Legislature to vest jurisdiction in all local criminal and civil cases in the local court, it made it clear that all pending actions in the District Court could be retained until completion, by the following language:

> The provisions of this section shall not result in the loss of jurisdiction of the District Court of the Virgin Islands over any complaint or proceeding pending in it on the day preceding the effective date of this amendatory Act and such complaint and proceeding may be pursued to final determination in the District Court of the Virgin Islands, the United States Court of Appeals for the Third Circuit, and the Supreme Court, notwithstanding the provisions of this amendatory Act.

Pub. L. No. 98-454, section 703(b), 98 Stat. 1738 (Oct. 5, 1984).

### III. PARTIES' CONTENTIONS

Defendant contends that because his case could not have been brought in the Territorial Court in 1992 when the alleged offenses occurred, it could not be brought in the Territorial Court even after the Territorial Court obtained jurisdiction over such cases. Defendant states at page 3 of his motion: "It stands to reason that the Territorial Court's jurisdiction over all crimes cannot revert to cases

before January 1, 1994 as there is no enabling law authorizing it . . . to take retroactive jurisdiction."

The Government disagrees with defendant. It cites Government v. Skelton, T.C. Crim. No. F155/1992, in which this court denied defendant's motion to dismiss based on the same argument. In denying defendant's motion, this court pointed out that the test of jurisdiction is whether the court has jurisdiction at the time the action is filed, not when the offenses are committed. The Appellate Division of the District Court upheld this court's decision, stating that as long as the Government's criminal action commenced after jurisdiction passed to the Territorial Court, it is immaterial when the offenses occurred. Skelton v. Government, D.C. Crim. No. F155-1992.

## IV. DISCUSSION

The court must address two issues: (1) whether the Territorial Court lacks jurisdiction over this criminal action because a prior prosecution for the same offenses, which was dismissed without prejudice, was brought in the District Court; and (2) whether this court lacks jurisdiction over this criminal action because the alleged offenses were committed before the Territorial Court obtained jurisdiction to hear criminal actions involving such offenses.

1) As a general rule, once a court has begun to exercise its jurisdiction over a case, no other court, except an appellate court, may interfere with the proceedings thus pending. Ex parte Young, 209 U.S. 123, 166, 52 L. Ed. 714, 28 S. Ct. 441 (1908). However, when the court's jurisdiction over the case comes to an end in any legal way, and the matter is no longer pending before it, the case may be brought in another court of competent jurisdiction. State v. Van Ness, 109 Vt. 392, 199 A. 759 (1938). See also, Theodore v. State, 407 P.2d 182, 192 (1965), cert. denied, 384 U.S. 951, 16 L. Ed. 2d 547, 86 S. Ct. 1570 (1966).

In the instant case, at the time the V.I. Attorney General filed the Information in the Territorial Court, the Information that was filed in the District Court had been dismissed. On May 26, 1992, upon the U.S. Attorney's motion to dismiss the Information against defendant, the District Court entered an order granting the Gov-

ernment's motion and dismissing the Information. When the Information was dismissed, the prosecution terminated. Rule 48 Fed. R. Crim. P. In other words, the case was no longer pending before the District Court. Therefore, the V.I. Attorney General was free to bring another prosecution in another court of competent jurisdiction.

(2) In Skelton, *supra,* the defendant was charged with first-degree assault in violation of 14 V.I.C. section 295(1), and unauthorized possession of a firearm in violation of 14 V.I.C. section 2253(a). The alleged offenses occurred on July 23, 1990. At that time, jurisdiction over these offenses was vested exclusively in the District Court. On October 1, 1990, the Territorial Court obtained jurisdiction to hear criminal cases involving the alleged offenses.[2] On May 13, 1992, the V.I. Attorney General filed an Information in the Territorial Court charging defendant in connection with the alleged offenses committed on July 23, 1990. Defendant argued that because the alleged offenses occurred before the Territorial Court obtained jurisdiction to hear such criminal actions, the Territorial Court lacked jurisdiction to hear his case.

The court disagreed and denied defendant's motion to dismiss. Government v. Skelton, T.C. Crim. No. F155/1992. In reaching its decision, the court stated:

> We had [jurisdiction] at the time the complaint was filed. The complaint has been filed and this case is here right within the Statute of Limitations of the offense and there is nothing taking the jurisdiction away from the Court. The fact that [the alleged offense] happened before the Court had jurisdiction is immaterial.

*Id.* at 3.

The Appellate Division of the District Court agreed with this court, pointing out that as long as the Government's criminal action was filed after jurisdiction passed to the Territorial Court, the Territorial Court had jurisdiction over the matter. Skelton v. Government, D.C. Crim. No. F155-1992.

---

[2] The Territorial Court obtained jurisdiction to hear criminal cases wherein the maximum sentence did not exceed imprisonment for fifteen years.

■ The facts of this case are similar to those in Skelton. The offenses for which defendant is charged occurred before the Territorial Court obtained jurisdiction to hear criminal actions involving such offenses, and the criminal action was filed after the transfer of jurisdiction to the Territorial Court. The same principles enunciated in Skelton apply here. As long as the court has jurisdiction at the time the action is filed, the case is properly before the court. Since the Territorial Court obtained jurisdiction to hear first-degree murder cases effective January 1, 1994, and the instant criminal action was filed on June 15, 1994, after the transfer of jurisdiction, the instant criminal action is properly before this court even though the offense occurred on or about August 22, 1992.

Accordingly, it is hereby,

ORDERED, that defendant's Motion to Dismiss is DENIED.