**RICARDO MITCHELL, Petitioner**
**v.**
**JULIUS WILSON, DIRECTOR BUREAU OF CORRECTIONS,**
**Respondent**

Civil No. SX-14-CV-120
Superior Court of the Virgin Islands
Division of St. Croix
April 20, 2015

YOHANA M. MANNING, ESQ., Manning Legal Services, Christiansted, St. Croix, USVI, *Attorney for Petitioner.*

PAMELA R. TEPPER, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Respondent.*

MOLLOY, *Judge.*

## MEMORANDUM OPINION

(April 20, 2015)

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by Ricardo Mitchell ("Mitchell") on April 30, 2014. On January 25, 2011, Mitchell was convicted and sentenced in the District Court of the Virgin Islands for committing various federal and territorial offenses based on an incident that occurred on September 27, 2010. Mitchell contends that his current incarceration for these convictions violates the double jeopardy clauses contained in the Revised Organic Act, 14 V.I.C. § 104, and the Fifth Amendment of the U.S. Constitution, his Sixth Amendment right to a fair and impartial jury, and his Sixth Amendment right to effective assistance of counsel. For the reasons stated below, the Court holds that it lacks subject matter jurisdiction over Mitchell's petition and will deny Mitchell's request for the issuance of a writ of habeas corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to this case occurred on the night of September 27, 2010, in the Hospital Ground ("Jah Yard") area of St. Thomas. Pet. for Habeas Corpus at 4. While conducting routine inspections of Jah Yard, two police officers smelled marijuana near where Mitchell was leaning into a car window. *Id.* The officers approached to conduct a field interview, and upon noticing Mitchell reach for something inside his waist, fearing that it was a gun, one officer grabbed him, causing both

Mitchell and him to fall to the ground. *Id.* When Mitchell stood up, the officer found a loaded magazine under where Mitchell fell and a loaded semiautomatic shotgun nearby. *United States v. Mitchell*, 690 F.3d 137, 140, 57 V.I. 856 (3d Cir. 2012). The serial number on the gun had been filed down, and in response to police questioning, Mitchell admitted that he did not have a license to possess a weapon. *Id.*

On January 25, 2011, a District Court of the Virgin Islands jury found Mitchell guilty of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k)[1] and 23 V.I.C. § 481[2] and possession of an illegal firearm in violation of 14 V.I.C. § 2253(a)[3]. Mitchell was sentenced to twelve (12) months incarceration for violation of 18 U.S.C. § 922(k), twelve (12) months for his 14 V.I.C. § 2253(a) violation, and fifteen (15) years for his 23 V.I.C. § 481 violation, to be served consecutively. He has completed his two 12-month sentences, and he is currently serving the 15-year sentence for his conviction under 23 V.I.C. § 481.

Mitchell filed his Petition for Writ of Habeas Corpus on April 30, 2014. Before the Respondent responded, Mitchell filed a motion for summary judgment on July 10, 2014. Respondent filed his Response to Petitioner's Petition for Writ of Habeas Corpus and Motion for Summary Judgment

---

[1] 18 U.S.C. § 922(k) provides that:

> It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered, or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

[2] 23 V.I.C. § 481 provides, in relevant part:

> No person shall within the Virgin Islands change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark or identification on any pistol, machine gun, or sawed-off shotgun. Possession of any pistol, machine gun, or sawed-off shotgun upon which any such mark shall have been changed, altered, removed, or obliterated shall be prima facie evidence that the possessor has changed, altered, removed or obliterated the same within the Virgin Islands[.]

[3] 14 V.I.C. § 2253(a) provides, in relevant part:

> Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any firearm . . . loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment . . . and shall be fined[.]

on July 28, 2014. Mitchell filed a reply to Respondent's response on August 5, 2014.

## II. LEGAL STANDARD

The Revised Organic Act, codified at 48 U.S.C. § 1561 *et seq.*, which "serves as a *de facto* constitution for the Virgin Islands," mandates that, "[a]ll persons shall have the privilege of the writ of habeas corpus." *Rivera-Moreno v. Gov't of the Virgin Islands*, 61 V.I. 279, 296-97 (V.I. 2014), *referencing Tobal v. People*, 51 V.I. 147, 152 (V.I. 2009). This principle is reproduced in the Virgin Islands Code which provides that "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretense whatsoever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint." 5 V.I.C. § 1301. "When presented with a petition for writ of habeas corpus, a court must first determine whether the petition states a prima facie case for relief — that is, whether it states facts that, if true, entitle the petitioner to relief — and also whether the stated claims are for any reason procedurally barred." *Rivera-Moreno*, 61 V.I. at 311 (*quoting People v. Romero*, 8 Cal. 4th 728, 35 Cal. Rptr. 2d 270, 883 P.2d 388, 391 (1994)). The petitioner must state specific factual allegations which require habeas relief rather than conclusory or speculative allegations. *Donovan v. Gov.'t of the V.I.*, 2013 V.I. LEXIS 21, *7 (V.I. Super. Mar. 25, 2013). "If the court determines that the petition does not state a prima facie case for relief or that the claims are all procedurally barred, the court will deny the petition outright," *id.*, but "if it appears that the writ ought to issue," the Superior Court "shall grant [a writ of habeas corpus] without delay." 5 V.I.C. § 1304. Where a petition for writ of habeas corpus is granted, the court "may order a remedy other than discharge from incarceration." *Rivera-Moreno*, 61 V.I. at 298.

Once a court determines that the petition states a prima facie case for relief and thus issues the writ, the respondent must file a "return" responding to the allegations in the habeas corpus petition. 5 V.I.C. § 1308. The return must allege facts establishing the legality of the petitioner's custody; it becomes the principal pleading in the case, analogous to the complaint in a civil proceeding. *Rivera-Moreno*, 61 V.I. at 298. The petitioner is then to file a response to the return, known as the "traverse, which is analogous to an answer in a civil proceeding." *Id.* After the traverse is filed, the Court will hold a hearing in which the

official with custody of the petitioner must "bring the body of the party in his custody" before the Court so that it may "proceed to hear and examine the return and such other matters as may be properly submitted to its hearing and consideration." 5 V.I.C. §§ 1309-10. The court shall "proceed in a summary way to hear such proof as maybe produced against such imprisonment or detention, or in favor of the same, and to dispose of such party as the justice of the case may require." 5 V.I.C. § 1311. During this proceeding, the Court shall "have full power and authority to require and compel the attendance of witnesses, by process of subpoena and attachment, and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case." *Id.*

## III. DISCUSSION

In his Response to Petitioner's Petition for Writ of Habeas Corpus and Motion for Summary Judgment filed on July 28, 2014, Respondent alleges that this Court does not have jurisdiction to entertain this action because this case originated in the U.S. District Court and "any habeas corpus relief should have been filed within one year of the District Court's or Third Circuit's final decision." Resp't Resp. to Pet'r's Pet. at ¶¶ 3-4, *citing* 28 U.S.C. §§ 2244(d), 2254, 2255. Mitchell's petition alleges that jurisdiction in the Superior Court is proper because Third Circuit precedent has held that habeas petitions under Virgin Islands law should be brought before the Superior Court.[4] Mitchell specifically points to *Parrott v. Government of the Virgin Islands*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000), as an example of a case where the District Court convicted a defendant of violations of local law, and the Third Circuit held that, because 4 V.I.C. § 76(a) divested the District Court of jurisdiction for civil actions, the Superior Court is the correct forum for the defendant's habeas petition brought under the local habeas statute (5 V.I.C. § 1303) to challenge convictions of local law. In his Reply to Opposition to Motion for Summary Judgment filed on August 5, 2014, Mitchell alleges that this Court is the Court of exclusive jurisdiction to adjudicate collateral attacks on local law, and thus, jurisdiction is proper because the only conviction

---

[4] To support this proposition, Mitchell cites to *Virgin Islands v. Solis*, 208 Fed. Appx. 97 (3d Cir. 2006) and the "Parrott Trilogy:" *Callwood v. Enos*, 230 F.3d 627, 43 V.I. 293 (3d Cir. 2000), *Parrott v. Government of the Virgin Islands*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000), and *Walker v. Government of the Virgin Islands*, 230 F.3d 82, 43 V.I. 265 (3rd Cir. 2000).

that he seeks to have overturned is 23 V.I.C. § 481, a local offense, the only one for which he is still serving time. Pet'r's Rep. to Opp'n to Mot. for Summ. J. at 1. For the reasons stated below, this Court agrees with Respondent and concludes that it does not have jurisdiction to adjudicate Mitchell's petition.

### A. Background on the Jurisdictional Interplay Between the Local Courts and the Federal District Court in the Virgin Islands

The historic jurisdictional interplay between the District Court and this Court begs some explanation. The District Court exercised exclusive jurisdiction over criminal cases (except very minor offenses) arising under either federal or local law until 1984, when Congress amended the Revised Organic Act of 1954 to bestow jurisdiction to the Territorial Court,[5] now the Superior Court, over all causes arising out of violations of local law. *Rivera-Moreno v. Gov't of the Virgin Islands*, 61 V.I. at 304 (*quoting Phillips v. People*, 51 V.I. 258, 273 (V.I. 2009)). Specifically, the statute provides that: "[t]he legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction." 48 U.S.C. § 1611. This amendment was locally executed on January 1, 1994, when the Virgin Islands Legislature amended 4 V.I.C. § 76 to vest the Superior Court with original jurisdiction over all local civil and criminal offenses. *Rivera-Moreno*, 61 V.I. at 305. However, the 1984 amendments to the Revised Organic Act mandate that the District Court maintain concurrent jurisdiction over charges for local crimes that are related to federal crimes. *United States v. Gillette*, 738 F.3d 63, 71, 60 V.I. 855 (3d Cir. 2013) (citing 48 U.S.C. § 1612(c), specifically, the language that vests concurrent jurisdiction when the offenses are "of the same or similar character or part of, or based on, the same act or transaction."). The Supreme Court of the Virgin Islands has emphasized that the statute provides for the District Court to possess concurrent — not exclusive — jurisdiction of local offenses that relate to federal offenses,

---

[5] The Territorial Court was renamed the Superior Court on October 29, 2004. *See Magens Point Resort Hotel v. Benjamin*, 58 V.I. 191, 195 n.1 (V.I. 2009).

"meaning that the local offenses could be tried in either the Superior Court or the District Court." *Rivera-Moreno*, 61 V.I. at 308.[6]

■ The 1984 amendment to the Revised Organic Act specifically addresses the issuance of writs of habeas corpus, and mandates that they, "shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings." 48 U.S.C. § 1613. This section provides that the relations between the local courts of the Virgin Islands and the federal courts are to be the same as the relations between the state courts and the federal courts. *Parrott v. Gov't of the Virgin Islands*, 230 F.3d 615, 620, 43 V.I. 277 (3d Cir. 2000), *citing* 130 Cong. Rec. § 10527 (daily ed. Aug. 10, 1984) (statement by Sen. Weicker).

On October 13, 2000, the Third Circuit issued the "*Parrott* Trilogy," which clarified the jurisdictional interplay between the District Court and this Court in regards to writs of habeas corpus. Of these, *Parrott* and *Walker* are most pertinent to this matter. On September 26, 2014, the Supreme Court of the Virgin Islands issued its opinion in *Rivera-Moreno v. Gov't of the Virgin Islands*, 61 V.I. 279, and therein further clarified this jurisdictional interplay.

■ In *Parrott v. Gov't of the Virgin Islands*, the Third Circuit held that jurisdiction over a habeas petition, brought under the Virgin Islands habeas corpus statute, of a petitioner convicted and sentenced under local law by the District Court before the 1994 amendments to the Revised Organic Act was proper in the Superior Court, rather than the District Court. 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000). The *Parrott* court reasoned that when the District Court tried the petitioner's case, "it did so as a local court acting under its then general jurisdiction, which authorized it to serve the dual functions of local territorial and federal court . . . the elimination of the District Court's territorial function [pursuant to the 1984 amendments, executed in 1994] impliedly repealed its territorial habeas function." *Id.* at 620. The *Parrott* court noted that a petition for writ of habeas corpus is generally considered to be a civil

---

[6] The purpose for allowing concurrent jurisdiction over local offenses relating to federal offenses was "to obviate the need for trying in different courts separate aspects of the same offense or of closely related offenses." *Gillette*, 738 F.3d at 71 (quoting 130 Cong. Rec. S. 23789 (Aug. 10, 1984)).

matter even though the underlying conviction is criminal in nature. *Id.* However, the *Parrott* court emphasized that:

> The elimination of concurrent jurisdiction does not prevent the Territorial Court from reviewing District Court decisions before 1994 that were based on local law. ***It does, however, preclude the local court's review, under the local habeas law, of any District Court criminal convictions decided after 1994. The Territorial Court can only exercise habeas review of cases in which it is the successor court to the District Court of the District Court's now-terminated territorial jurisdiction.***

230 F.3d 615, at 622 (emphasis added). The *Parrott* decision was rendered by the Third Circuit Court of Appeals in its capacity as the *de facto* court of last resort in the Virgin Islands. Thus, it is binding on this Court. *Phillip v. People of the Virgin Islands*, 58 V.I. 569, 598 n.34 (V.I. 2013); *see also In re People of the Virgin Islands*, 51 V.I. 374, 389 n.9 (V.I. 2009) ("[D]ecisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court . . .").

■ In *Walker v. Virgin Islands*, 230 F.3d 82, 43 V.I. 265 (3d Cir. 2000), the Third Circuit specifically addressed the mechanics of the federal habeas corpus statute (28 U.S.C. § 2254) as applied to the District Court and the Superior Court. The *Walker* petitioner was convicted and sentenced by this Court, and he filed a petition for writ of habeas corpus pursuant to the Virgin Islands habeas statute in the District Court, which held that it lacked subject-matter jurisdiction. *Id.* at 84. The *Walker* court concluded that, while the District Court was without original jurisdiction to grant the petitioner relief under the Virgin Islands statute, because the amendments to the Revised Organic Act provide that "the relationship between the District Court of the Virgin Islands and the Territorial Court shall be equivalent to the relationship between the district courts of the United States and the state courts," Congress authorized the District Court to exercise jurisdiction over an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of a person in custody pursuant to a judgment of the local courts. *Id.* at 85-87.

■ In *Rivera-Moreno v. Gov't of the Virgin Islands*, the Supreme Court of the Virgin Islands held that this Court may properly adjudicate a petition for habeas corpus filed under local law, pursuant to pre-1994

convictions for local offenses issued by the District Court, even when the petitioner was also convicted of a related federal offense. 61 V.I. at 304-309. Pursuant to *Parrott*, the Supreme Court of the Virgin Islands held that: "the Superior Court may, in a habeas corpus action, set aside a judgment issued by the District Court, so long as the petitioner is detained on charges in which the Superior Court now acts as the **successor court** to the District Court." *Id.* at 306 (emphasis added). The court emphasized that the Superior Court is the successor court to the petitioner's charges because, while the District Court could exercise its concurrent jurisdiction over the petitioner's charges, were they to be brought after 1994, "the local offenses could be tried in either the Superior Court or the District Court;" the purpose of the District Court's concurrent jurisdiction provision is to obviate the need for trying in different courts separate aspects of the same offense or of closely related offenses to protect defendants' double jeopardy rights. *Id.* at 307-309; *see also United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000)("[t]he Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence.").[7] The Supreme Court pointed out that while the Fifth Amendment would ordinarily bar separate proceedings on local and federal offenses:

> It is well-established that individuals may voluntarily waive their double jeopardy rights . . . [by] specifically requesting a new trial on his local convictions . . . [petitioner] has affirmatively waived the double jeopardy protections afforded to him . . . and, in the event that his habeas corpus petition is granted and the new trial he has requested is authorized, has consented to a new trial on those local charges even if his federal convictions remain intact and the federal sentences have been fully served.

*Id.* at 308-309.

---

[7] The *Hodge* court continued to clarify that: "[W]hen a defendant is charged with a violation of federal law and the second criminal code is that of a Territory, instead of a State, the Double Jeopardy Clause is violated by the imposition of more than one sentence for the 'same offense.' " *Id.* (internal citation omitted).

335

## B. Because the District Court Sentenced Mitchell for Local Offenses After the 1994 Amendments, this Court Lacks Subject Matter Jurisdiction Over his Petition for Writ of Habeas Corpus.

■ Based on the jurisprudence articulated in *Parrott*, *Walker*, and *Rivera-Moreno*, this Court may properly exercise jurisdiction over petitions for habeas corpus under two circumstances: 1) when the petitioner was convicted and sentenced by the District Court for local offenses prior to the 1994 amendments while the District Court acted as the predecessor court to the Superior Court; and 2) when the petitioner was convicted and sentenced by the Superior Court. Neither situation is present here. Mitchell was convicted of local offenses related to federal offenses by the District Court in 2011 — well after the 1994 amendments and when the District Court was properly exercising its concurrent jurisdiction.

■ Mitchell's petition contends that the *Parrott* Trilogy and its progeny state that the Superior Court may properly set aside this post-1994 judgment issued by the District Court because this Court is the proper forum for deciding habeas petitions filed under local law, even if the District Court decided the underlying convictions. His interpretation is mistaken. In *Parrott*, the Third Circuit, acting as the *de facto* court of last resort for the Virgin Islands, explicitly stated that, following the elimination of the District Court's concurrent jurisdiction over purely local criminal offenses in 1994, this Court is precluded from reviewing "any District Court criminal convictions decided after 1994," and continued to state that, "[t]he [Superior] Court can only exercise habeas review of cases in which it is the successor court to the District Court of the District Court's now-terminated territorial jurisdiction." *Parrott*, 230 F.3d at 622. The Supreme Court of the Virgin Islands emphasized this legal principle in *Rivera-Moreno* when it clearly stated that: "the Superior Court may, in a habeas corpus action, set aside a judgment issued by the District Court, so long as the petitioner is detained on charges in which the Superior Court now acts as the successor court to the District Court." *Rivera-Moreno*, 61 V.I. at 306. In *Rivera-Moreno*, the petitioner filed a writ of habeas corpus challenging local convictions from 1991, before the 1994 amendments to the Revised Organic Act divested the District Court of jurisdiction over matters of local law. *Id.* at 307. In the case at bar, the Superior Court is clearly not a "successor court" to the District Court in

regards to the local charges filed against Mitchell. Rather, the District Court properly exercised its concurrent jurisdiction over the local crimes as they related to the federal crimes, pursuant to 48 U.S.C. § 1612. As this Court is not a successor court to the District Court pertaining to the charges filed against Mitchell, and *Parrott* specifically precludes this Court's review of any District Court criminal convictions decided after 1994, this Court cannot properly exercise jurisdiction over Mitchell's petition.

## IV. CONCLUSION

This Court concludes that it lacks subject matter jurisdiction over Mitchell's petition for writ of habeas corpus because Mitchell was convicted and sentenced by the District Court for local offenses after the 1994 amendments to the Revised Organic Act. Therefore, this Court would not be acting as a successor court to the District Court over these offenses. Accordingly, Mitchell has failed to state a prima facie case for habeas relief and the Court will deny Mitchell's petition for a writ of habeas corpus. An appropriate Order follows.