**RICARDO MITCHELL, Appellant/Petitioner**
**v.**
**RICK T. MULLGRAV, DIRECTOR OF THE BUREAU OF**
**CORRECTIONS, Appellee/Respondent**

S. Ct. Civil No. 2015-0038

Supreme Court of the Virgin Islands

October 16, 2017

ESZART A. WYNTER SR., ESQ., Law Office of Eszart A. Wynter, St. Croix, USVI, *Attorney for Appellant*.

ROYETTE V. RUSSELL, ESQ., Assistant Attorney General, St. Croix, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(October 16, 2017)

HODGE, *Chief Justice*. Ricardo Mitchell appeals from the Superior Court's April 20, 2015 opinion and order, which denied his petition for writ of habeas corpus. The Superior Court determined that it lacked jurisdiction over the petition because Mitchell had been convicted in the District Court of the Virgin Islands pursuant to its concurrent criminal jurisdiction under section 22(c) of the Revised Organic Act of 1954. For the reasons that follow, we reverse.

## I. BACKGROUND

On September 27, 2010, two Virgin Islands Police Department officers were conducting a routine inspection in a neighborhood on St. Thomas. During their rounds, they smelled marijuana in the vicinity where Mitchell was leaning into a car window. As the officers approached Mitchell to conduct a field interview, Mitchell reached for something inside his waist. One of the officers, suspecting Mitchell might have been

reaching for a gun, grabbed Mitchell and they both fell to the ground. After the two men stood up, the officer retrieved a loaded gun magazine from the ground and a loaded semiautomatic shotgun nearby. The gun's serial number had been filed down and, in response to questioning, Mitchell admitted that he did not have a license to possess a weapon.

The United States Attorney for the Virgin Islands, in the name of the United States of America and the People of the Virgin Islands,[1] charged Mitchell, in the District Court of the Virgin Islands, with two separate counts of possession of a firearm with an obliterated serial number in violation of 23 V.I.C. § 481 and 18 U.S.C. § 922(k), respectively, and possession of an illegal firearm in violation of 14 V.I.C. § 2253(a). Mitchell was tried by a jury, which convicted him of all three charges on January 25, 2011.

■ The District Court of the Virgin Islands issued two separate judgments and commitments on June 13, 2011. In the first judgment, it sentenced Mitchell to one year of incarceration for his conviction under 18 U.S.C. § 922(k), to be served in the custody of the United States Bureau of Prisons, as well as three years of supervised release. In the second judgment, the District Court sentenced Mitchell to one year of incarceration for violating 14 V.I.C. § 2253(a), and the mandatory minimum of 15 years' incarceration for his conviction under 23 V.I.C. § 481, to be served in the custody of the Virgin Islands Bureau of Corrections. The District Court held that the sentences for all three offenses would be served concurrently, and that the period of federal incarceration would be served first.[2]

On April 30, 2014, Mitchell filed a petition for writ of habeas corpus in the Superior Court of the Virgin Islands. See 5 V.I.C. §§ 1301-1325. The Director of the Virgin Islands Bureau of Corrections[3] responded on

[1] See 48 U.S.C. § 1617 ("[I]t shall be the duty of the United States attorney to prosecute all offenses against the United States and . . . . also prosecute in the district court in the name of the government of the Virgin Islands all offenses against the laws of the Virgin Islands which are cognizable by that court.").

[2] While the parties did not include the District Court's judgments in the Joint Appendix, a court may take judicial notice of the dockets of proceedings in other courts when considering a petition for writ of habeas corpus. *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 205-06 (V.I. 2012) (collecting cases).

[3] Although this action was originally brought against Julius Wilson as the Director of the Virgin Islands Bureau of Corrections, Wilson is no longer in office. Accordingly, his suc-

July 28, 2014, to which Mitchell filed a reply on August 5, 2014. The Superior Court, in an April 20, 2015 opinion and order, denied Mitchell's petition for writ of habeas corpus, holding that it could not grant him any relief because he had been convicted in the District Court after January 1, 1994, the date that the Superior Court obtained original jurisdiction over all local criminal actions. *Mitchell v. Wilson*, 62 V.I. 326, 332 (V.I. Super. Ct. 2015). Specifically, the Superior Court held that because section 22(c) of the Revised Organic Act grants the District Court "concurrent jurisdiction . . . over those offenses against the criminal laws of the Virgin Islands . . . which are of the same or similar character" as federal offenses, 48 U.S.C. § 1612(c), it lacked the authority to interfere with Mitchell's conviction, even though it was based on a violation of local law. *Mitchell*, 62 V.I. at 337. Mitchell timely filed his notice of appeal with this Court on May 5, 2015.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law." 48 U.S.C. § 1613a(d); *see also* 4 V.I.C. § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's April 20, 2015 opinion and order denying Mitchell's habeas petition is a final order within the meaning of section 32, we have jurisdiction over this appeal. *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 759 (V.I. 2012) ("An order denying a petition for a writ of habeas corpus is a final order . . . from which an appeal may lie.").

"A trial court's conclusions of law in dismissing [or denying] a petition for writ of habeas corpus are subject to plenary review." *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 199 (V.I. 2012).

### B. Authority to Grant Habeas Relief

■ ■ In reaching its decision to deny Mitchell's habeas corpus petition, the Superior Court applied the decision of *Parrott v. Gov't of*

---

cessor in office, Rick Mullgrav, was automatically substituted as the nominal defendant, pursuant to Rule 34(c) of the Virgin Islands Rules of Appellate Procedure. *See Bertrand v. Mystic Granite & Marble, Inc.*, 63 V.I. 772, 772 n.1 (V.I. 2015).

*the V.I.*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000), in which the United States Court of Appeals for the Third Circuit, sitting as the *de facto* court of last resort in the Virgin Islands, stated that the Superior Court may "exercise habeas review of cases in which it is the successor court to the District Court of the District Court's now-terminated territorial jurisdiction." *Id.* at 622. In reaching that decision, the *Parrott* court emphasized that the Superior Court could set aside a conviction for a local criminal offense as part of a habeas corpus proceeding brought under 5 V.I.C. § 1301 *et seq.*, even if the District Court sentenced the prisoner, because the Superior Court and the District Court both obtained their authority from the same sovereign and any institutional separation was purely administrative rather than compelled by the United States Constitution.[4] *Id.* at 621; *see also Bryan v. Fawkes*, 61 V.I. 416, 438 (V.I. 2014) (recognizing that the Superior Court and the District Court are both Article IV courts); *Oveson v. People*, D.C. Civ. App. No. 2006-0120, 2011 U.S. Dist. LEXIS 45540, at *6-7 n.5 (D.V.I. App. Div. Apr. 26, 2011) (unpublished) (same).

■ Although this Court, in *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 309 (V.I. 2014), interpreted *Parrott* and other authorities to hold that the fact that a prisoner who "was adjudicated guilty of local and federal charges as part of the same proceeding does not preclude him from requesting that the Superior Court set aside only those local convictions"

---

[4] Congress established the institutional separation in the Revised Organic Act by providing that "[t]he District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States," 48 U.S.C. § 1612(a), that the local courts of the Virgin Islands may exercise jurisdiction "over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction," 48 U.S.C. § 1611(b), and mandating that "[t]he relations between the courts established by the Constitution or laws of the United States and the courts established by local law . . . shall be governed by the laws of the United States pertaining to the relations between the courts of the United States . . . and the courts of the several States in such matters and proceedings." 48 U.S.C. § 1613.

However, despite this language granting the District Court the same jurisdiction as a federal district court, it has been repeatedly held that "[t]he District Court of the Virgin Islands is not a court of the United States." *Gov't Guar. Fund of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 465, 35 V.I. 356 (D.V.I. 1997); *see also Mookini v. United States*, 303 U.S. 201, 205, 58 S. Ct. 543, 82 L. Ed. 748 (1938) ("[V]esting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.' "); *United States v. George*, 625 F.2d 1081, 1089, 17 V.I. 624 (3d Cir. 1980) (holding that "the District Court of the Virgin Islands may be treated as a court of the United States for some purposes" but "it is not a court of the United States").

through a habeas petition, the Superior Court distinguished our precedent by noting that the petitioner in *Rivera-Moreno* had been convicted of local offenses related to federal offenses by the District Court in 1991 — before the 1984 amendments to the Revised Organic Act of 1954[5] were locally implemented in 1994. Because of this, the Superior Court held that it was "clearly not a 'successor court' to the District Court in regards to the local charges filed against Mitchell," and therefore denied the petition. *Mitchell*, 62 V.I. at 336-37.

■ As a threshold matter, we disagree that *Rivera-Moreno* is distinguishable from this case solely because *Rivera-Moreno* involved a habeas petitioner who had been convicted in the District Court in 1991 while Mitchell had been convicted in the District Court in 2011, after 1994. Although the Legislature did not confer the Superior Court with original jurisdiction to hear first-degree murder cases arising under local law until January 1, 1994, the Superior Court had jurisdiction to hear other criminal cases prior to that date. For example, from its inception, the Superior Court had jurisdiction to hear misdemeanor cases. *See Gov't of the V.I. v. Colbourne*, 31 V.I. 22, 26-27 & n.2 (V.I. Super. Ct. 1994) (summarizing gradual expansion of the Superior Court's criminal jurisdiction). Section 22(c) of the Revised Organic Act, however, provides that the District Court may exercise its concurrent criminal jurisdiction "over those offenses against the criminal laws of the Virgin Islands, *whether felonies or misdemeanors or both*, which are of the same or similar character" as a federal offense. 48 U.S.C. § 1612(c) (emphasis added). In other words, unlike sections 21(b) and 22(b) of the 1984 amendments — which required action by the Legislature to vest the Superior Court with original jurisdiction to hear felonies — the concurrent criminal jurisdiction set forth in section 22(c) necessarily went into effect immediately upon the effective date of the 1984 amendments,

---

[5] Among other things, the 1984 amendments to the Revised Organic Act adopted by Congress gave the Virgin Islands Legislature the authority to "vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction," 48 U.S.C. § 1611(b), provide that the District Court "shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands," 48 U.S.C. § 1612(b), and to provide that the District Court may exercise supplemental criminal jurisdiction "over those offenses against the criminal laws of the Virgin Islands" that are "the same or similar character" to a federal offense, 48 U.S.C. § 1612(c).

given that the Superior Court had been hearing misdemeanor cases since 1957. Moreover, Congress provided as part of the 1984 amendment to section 22(b) that "[t]he provisions of this section shall not result in the loss of jurisdiction of the District Court of the Virgin Islands over any complaint or proceeding pending in it," and that "such complaint and proceeding may be pursued to final determination in the District Court of the Virgin Islands, the United States Court of Appeals for the Third Circuit, and the Supreme Court[.]" Pub. L. No. 98-454, § 703(b), 98 Stat. 1738 (Oct. 5, 1984). Thus, defendants could have been properly convicted in the District Court on local charges in the absence of a related federal offense, even after January 1, 1994 — potentially even years later, to the extent the appellate process could have resulted in issuance of a new judgment by the District Court on remand. Consequently, utilization of an inflexible January 1, 1994 "cut-off" date for a local criminal judgment of the District Court to be subject to habeas review by the Superior Court is arbitrary.

██ In any event, the Superior Court erred when it held that it lacked jurisdiction because it is not a successor court to the District Court in this instance. The Superior Court is correct that it is not a successor court to the District Court with respect to cases tried in the District Court pursuant to its concurrent criminal jurisdiction, since the District Court retains such jurisdiction under section 22(c) of the Revised Organic Act. However, in *Parrott*, the Third Circuit emphasized that the proper inquiry is not whether the District Court has been divested of its concurrent *criminal* jurisdiction to try the underlying local criminal offenses — clearly it has not — but whether it has been divested of its *civil* jurisdiction to consider habeas corpus petitions premised solely on local law. 230 F.3d at 621 ("[T]he divesting of the District Court of its jurisdiction for local civil actions also strips it of jurisdiction for local habeas petitions from territorial prisoners . . . even though the District Court sentenced those prisoners."); see *Callwood v. Enos*, 230 F.3d 627, 632, 43 V.I. 293 (3d Cir. 2000) ("A suit seeking a writ of habeas corpus, although admittedly somewhat of a hybrid, is considered civil in nature. Accordingly, by operation of 4 V.I.C § 76(a), as of October 1, 1991, the District Court of the Virgin Islands was divested of jurisdiction to consider petitions for writ of habeas corpus under territorial habeas corpus law." (citation omitted)). This distinction is reflected in our own past precedents, which have emphasized that the Superior Court's authority to consider habeas

corpus petitions to review adjudications of local criminal charges issued by the District Court is based on the fact that the Superior Court now serves as the successor court to the District Court with respect to local civil actions. *See Rivera-Moreno*, 61 V.I. at 306 ("In *Parrott*, the . . . Third Circuit . . . determined that, subsequent to the 1984 amendments, section 76(a) [of title 4] of the Virgin Islands Code implicitly repealed the jurisdiction of the District Court of the Virgin Islands *over local civil actions*." (emphasis added) (quoting *Mendez*, 56 V.I. at 203) (internal quotation marks omitted)). Therefore, in this case, the Superior Court serves as the successor court with respect to Mitchell's habeas corpus petition, in that Mitchell's petition was filed under local law — 5 V.I.C. § 1301 *et seq.* — and seeks to review a local criminal conviction.

■ This result is consistent with how criminal judgments entered by the District Court with respect to local law are subject to review by local institutions in other contexts. The Third Circuit has held that the District Court must predict how this Court would interpret local criminal laws when adjudicating cases under its supplemental criminal jurisdiction, *see United States v. Fontaine*, 697 F.3d 221, 227 n.12, 57 V.I. 914 (3d Cir. 2012), and that "[t]he Virgin Islands Supreme Court, once it was established by the Virgin Islands Legislature, would possess an authoritative voice on matters of Virgin Islands law," *Pichardo v. V.I. Comm'r of Labor*, 613 F.3d 87, 95, 53 V.I. 936 (3d Cir. 2010) (citation omitted), and "would essentially have the final word on the interpretation of local Virgin Islands law." *BA Props. Inc. v. Gov't of the V.I.*, 299 F.3d 207, 212 (3d Cir. 2002). It has also held that when the District Court and the Superior Court have concurrent jurisdiction over a habeas corpus matter, "principles of comity mandate that [the petitioner] be required to exhaust his remedies in the [Superior] Court before proceeding in the District Court," even though "there is no statutory exhaustion requirement," because "[t]he [Superior] Court will no doubt be more familiar with the provisions and requirements of the territorial [criminal] statute[.]" *Callwood*, 230 F.3d at 634. And regarding whether the Governor of the Virgin Islands may pardon an individual convicted of a local crime in the District Court in a case arising pursuant to its exclusive jurisdiction under section 22(a) of the Revised Organic Act, the District Court has answered that question "in the affirmative." *Bryan v. Fawkes*, Civ. No. 2014-066, 2014 U.S. Dist. LEXIS 139025, at *16 (D.V.I. Oct. 1, 2014) (unpublished). It would be supremely illogical to conclude that the

District Court is required to interpret local criminal law in accordance with the decisions of this Court, must permit the Superior Court to proceed first in the event concurrent habeas corpus jurisdiction exists, and that the Governor may, through a pardon, set aside a District Court conviction for a local crime, but that the Superior Court — and this Court, on appeal — cannot grant habeas relief from such local convictions under a local Virgin Islands statute.

■ Perhaps more importantly, section 3 of the Revised Organic Act explicitly provides that "[a]ll persons shall have the privilege of the writ of habeas corpus and the same shall not be suspended except as herein expressly provided" and that "[n]o law shall be enacted in the Virgin Islands which shall . . . deny to any person therein equal protection of the laws." 48 U.S.C. § 1561. The District Court, in a decision issued after oral argument in this appeal, ruled that it lacks jurisdiction to consider a local habeas corpus petition seeking review of a local conviction obtained in the District Court pursuant to its supplemental criminal jurisdiction.[6] Were this Court to affirm the Superior Court's dismissal of Mitchell's habeas petition on jurisdictional grounds, there is a high likelihood that a "habeas doughnut hole" would be created in which prisoners convicted of local offenses pursuant to the District Court's supplemental criminal jurisdiction would not be able to obtain habeas review of their local convictions from any court, in violation of the Revised Organic Act's guarantees of the right to habeas corpus and to equal protection.[7] *Accord*

---

[6] *Crispin v. Wilson*, Civ. No. 2011-0026, 2017 U.S. Dist. LEXIS 37892, at *7-8 (D.V.I. Mar. 16, 2017) (unpublished).

[7] Significantly, the Third Circuit has expressly rejected the argument that Congress intended for the District Court to review all District Court criminal judgments — even those for local convictions — simply because it exercises jurisdiction equivalent to a federal district court. *See Parrott*, 230 F.3d at 621 ("Because the separation is administrative rather than constitutional, when the jurisdiction of these courts is changed, as was accomplished by § 1612, there is no bar to the [Superior] Court exercising its revised jurisdiction to review a judgment of the District Court made under territorial law."). Importantly, Congress did not enact the concurrent criminal jurisdiction provision in the Revised Organic Act to vindicate federal authority or to somehow place the District Court higher than local courts in the hierarchy of courts in the Virgin Islands. Rather, as we explained in *Rivera-Moreno*, "[l]egislative history illustrates that the concurrent jurisdiction provision of 48 U.S.C. § 1612(c) was intended to safeguard the rights of criminal defendants in the Virgin Islands to be free from double jeopardy by allowing the federal District Court to adjudicate federal and local criminal charges as part of a single proceeding." 61 V.I. at 308 (citing 130 CONG. REC. S23,789 (daily ed. Aug. 10, 1984)). Because Congress, in granting concurrent criminal jurisdiction to the District

*Almendarez-Torres v. United States*, 523 U.S. 224, 237-38, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (statutes must be construed, "if fairly possible," to avoid an unconstitutional effect) (collecting cases).[8] Therefore, we conclude that the Superior Court erred when it held that it could not exercise jurisdiction over Mitchell's habeas petition solely due to the fact that the local conviction had been procured in the District Court after January 1, 1994.[9]

---

Court, intended to safeguard the constitutional right of Virgin Islands criminal defendants to be free from double jeopardy by "obviat[ing] the need for trying in different courts separate aspects of the same offense or of closely related offenses," *id.* (citation and internal quotation marks omitted), it would be absurd to conclude that it simultaneously intended to deprive those same defendants, if convicted, of their constitutional right to equal protection or their right to habeas corpus under the Revised Organic Act.

[8] In reaching this decision, we again emphasize that the fact that the Superior Court possesses jurisdiction to consider a habeas corpus petition filed under the local habeas corpus statute by a prisoner in local custody for a local conviction rendered in the District Court does not give the Superior Court plenary authority to second guess or reexamine factual determinations, evidentiary rulings, or other discretionary rulings by the District Court. As we have emphasized in our prior precedents, the standard of review for a habeas petition — regardless of whether it seeks to examine a reviewable judgment rendered by the Superior Court or the District Court — is highly deferential, and absent truly extraordinary circumstances, a petitioner is limited only to raising purely legal questions and issues that present an error of constitutional dimension. *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 376 (V.I. 2016); *Rivera-Moreno*, 61 V.I. at 303. Importantly, on remand, Mitchell will bear the heavy burden of establishing in the Superior Court that his habeas petition states a prima facie case for relief, and that the claims are otherwise not procedurally barred. *Blyden*, 64 V.I. at 376.

[9] Because the Superior Court determined that it lacked jurisdiction to consider the petition solely because Mitchell had been convicted by the District Court pursuant to its supplemental criminal jurisdiction, it made no determination as to whether his petition stated a prima facie case for relief and is otherwise not procedurally barred. Importantly, although Mitchell represents in his petition that he is no longer in federal custody and has fully served his federal sentence, we note that the District Court's judgments provided that he would serve a three-year period of supervised release on his federal convictions that would begin after he served the incarcerative portions of his federal and local convictions.

   Under federal law, a period of supervised release is considered "a part of the sentence." 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment[.]"); *United States v. Jamison*, 934 F.2d 371, 373, 290 U.S. App. D.C. 83 (D.C. Cir. 1991) ("[T]he language of the supervised release statute allows a court to include such release 'as part of the sentence' . . . . The phrases 'sentence to a term of imprisonment' and 'term of supervised release after imprisonment' suggest that imprisonment and supervised release are discrete components of a sentence."). Therefore, it is at least arguable that Mitchell remains in federal custody despite having fully served the incarcerative portion of his federal sentences. *See Mujahid v. Daniels*, 413 F.3d 991, 995 (9th

## III. CONCLUSION

Because the Superior Court is a successor court to the District Court with respect to all civil actions, the Superior Court erred when it held that it lacked the authority to entertain Mitchell's petition, when it only sought review of his local convictions. Accordingly, we reverse the Superior Court's April 20, 2015 order, and remand this case so that the Superior Court may assume jurisdiction and determine whether Mitchell's habeas corpus petition states a prima facie case for relief and is not otherwise procedurally barred.

---

Cir. 2005) (holding that habeas petitioner who has not completed period of supervised release is still in federal custody); *United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001) ("[T]he district court maintains continuing jurisdiction over the supervised release period[.]"). However, given that the District Court ordered the period of federal supervised release to be served after completion of Mitchell's sentence on the local conviction, it is also arguable that granting habeas relief with respect to the local conviction would not interfere with execution of the sentence for the federal convictions.

Because the parties have not briefed this issue of first impression, we express no opinion as to whether Mitchell's failure to complete his federal period of supervised release serves as a procedural bar to the Superior Court's consideration of his challenge to his local criminal conviction. However, on remand, the Superior Court should consider this issue — as well as any other potential procedural bar to the habeas matter proceeding further — at the earliest opportunity.